IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE D. WALLS,<br>    Plaintiff,<br><br>    v.<br><br>ALLEGHENY COUNTY JAIL, et al.,<br>    Defendants. | Civil Action No.  04-644 |

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the complaint in the above-captioned case (Docket No. 3) be dismissed as to defendants Aramark Correctional Service, Inc., Charles "Eric" Chatham and Elizabeth R. Salvi for plaintiff's failure to prosecute.

II. Report

Plaintiff, George D. Walls, who was formerly an inmate incarcerated at the Allegheny County Jail but has since been released, has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs against the jail, the warden (Frederick Rosemeyer), former warden (Calvin A. Lightfoot), executive deputy warden (James Gregg), deputy warden (Greg Grogan), assistant deputy warden (William Emerick), 13 other employees (Jack Pischke, Dr. Dixon, Penny Howe, Cheryl Staniko, Lt. Flood, Lt. Leon, Lt. Mathews, Major Mikulan, Major James J. Donis, Thomas Leight, James Malcolm, Constance Crossing, Reverend Ulli Klemm), Allegheny County, the county executive (Dan Onorato), Aramark Correctional Service, Inc. and its general manager (Charles "Eric" Chatham).  In his complaint, Plaintiff alleges that jail personnel have not responded to his numerous requests to be provided with

access to a TTY/TDD to allow him to make and receive telephone calls given his hearing disability and as a result he has not been able to contact his family; and that he has not been provided with a vegetarian or kosher meal, or that his so-called vegetarian tray has not included any vegetables, even though he notified the chaplain that he is a Seventh-Day Adventist.  These facts are said to state causes of action under the provisions of the Americans With Disabilities Act, 42 U.S.C. §§ 12101-17 (ADA), the Rehabilitation Act, 29 U.S.C. §§ 791-97(b) (RHA), and the First Amendment and the equal protection clause of the Fourteenth Amendment through the Civil Rights Act, 42 U.S.C. § 1983.  On August 11, 2004, an order was entered permitting Plaintiff to join as an additional defendant Elizabeth R. Salvi a/k/a Betty Salvi, Aramark Food Service Director.

On July 12, 2004, Defendants Allegheny County Jail, Calvin A. Lightfoot, Frederick Rosemeyer, James Gregg, Greg Grogan, William Emerick, Jack Pischke, Dr. Dixon, Penny Howe, Cheryl Staniko, Lt. Flood, Lt. L. Leon, Lt. Mathews, Major Mikulan, Major James J. Donis, Thomas Leight, James Malcolm, Constance Crossing, Allegheny County, Dan Onorato and Reverend Ulli Klemm (the "Allegheny County Defendants") filed a motion to dismiss (Docket No. 36).  On July 16, 2004, a motion to dismiss or for summary judgment was filed by Defendants Aramark Correctional Service, Inc. and Charles Eric Chatham (the "Aramark Defendants") (Docket No. 39).  On August 18, 2004, a motion to dismiss or for summary judgment was filed by Defendant Elizabeth R. Salvi (Docket No. 48).

On November 17, 2004, an order was entered (Docket No. 60), adopting an amended Report and Recommendation that had been filed on October 12, 2004 (Docket No. 58), with the following results: the motion to dismiss submitted by the Allegheny County Defendants (Docket

2

No. 36) was granted with respect to Plaintiff's claim of denial of access to telephone service under the equal protection clause and denied with respect to his claims of denial of access to telephone service under the ADA and RHA and his claims of failure to accommodate his religious dietary needs under the First Amendment; the motion to dismiss or for summary judgment submitted by the Aramark Defendants (Docket No. 39) was treated as a motion for summary judgment and granted as to the period of time prior to February 20, 2004 and denied as to events after that date; and the motion to dismiss or for summary judgment by Elizabeth R. Salvi (Docket No. 48) was treated as a motion for summary judgment and granted as to the period of time prior to February 20, 2004 and denied as to events after that date.

On November 14, 2005, the Aramark Defendants and Elizabeth R. Salvi filed a motion for sanctions or, in the alternative, motion to compel Plaintiff's more specific responses to discovery in accordance with the October 5, 2005 Order of Court and motion to modify case management order (Docket No. 80). On November 15, 2005, an order was entered, granting this motion and directing Plaintiff to file appropriate answers to interrogatories and requests by November 25, 2005 or face appropriate sanctions including dismissal (Docket No. 81). Plaintiff did not respond to this order.

On November 30, 2005, these same Defendants filed a second motion for sanctions and motion to modify case management order, indicating that Plaintiff had not responded to the November 15, 2005 order (Docket No. 82). On December 1, 2005, an order was entered, directing Plaintiff to show cause within ten days why the sanction of dismissal as to the movants should not be granted. The order indicated that "failure to respond will be construed as consent. (Docket No. 83).

The order was sent to Plaintiff by certified mail.  To date, Plaintiff has not responded.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

    (6)    The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders which weigh heavily against him.  Such compliance was not only Plaintiff's sole personal responsibility, <u>Emerson v. Thiel College</u>, 296 F.3d 184, 190 (3d Cir. 2002),  but his continued failure to do so even two months after the first order to respond to defendants' discovery requests was issued appears willful and constitutes a history of dilatoriness.

With respect to the second factor – the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders – the moving defendants contend that his failure to respond to their discovery requests has rendered them unable to proceed with additional discovery in this case.  This also weighs against Plaintiff.  Finally, factor No. 6 – the

meritoriousness of the claim – will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Emerson, 296 F.3d at 191. Thus, dismissal appears to be the most appropriate action for this Court to take and it is respectfully recommended that the complaint in the above-captioned case be dismissed as to the moving defendants since no other sanctions will serve justice.

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        s/Robert C. Mitchell
        ROBERT C. MITCHELL
        United States Magistrate Judge

Dated: December 23, 2005

cc:    George D. Walls
       P.O. Box 3413
       Pittsburgh, PA 15230-3413