IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE D. WALLS, 2686,   )
   Plaintiff,     )
          )
   v.      ) Civil Action No. 04-644
          )
ALLEGHENY COUNTY JAIL, et al., )
   Defendants.   )

Report and Recommendation

I. Recommendation:

   It is respectfully recommended that the Motion for Summary Judgment submitted on behalf of defendants Allegheny County Jail, Calvin A. Lightfoot, F. Rosemeyer, James Gregg, Greg Grogan, William Emerick, Jack Pischke, Dr. Dixon, M.D., Penny Howe, Cheryl Staniko, Lt. Flood, Lt. L. Leon, Lt. Mathews, Major Mikulan, Major James J. Donis, Tomas Leight, James Malcolm, Constance Crossing, Rev. Ulli Klemm, Allegheny County and Dan Onorato, Chief Executive (Docket No.85) be granted and that judgment be entered accordingly.

II. Report:

   Presently before the Court for disposition is a Motion for Summary Judgment submitted on behalf of defendants Allegheny County Jail, Calvin A. Lightfoot, F. Rosemeyer, James Gregg, Greg Grogan, William Emerick, Jack Pischke, Dr. Dixon, M.D., Penny Howe, Cheryl Staniko, Lt. Flood, Lt. L. Leon, Lt. Mathews, Major Mikulan, Major James J. Donis, Tomas Leight, James Malcolm, Constance Crossing, Rev. Ulli Klemm, Allegheny County and Dan Onorato, Chief Executive ("the County Defendants").

George D. Walls, a former inmate at the Allegheny County Jail has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis.[1] The essence of the plaintiff's complaint is that as a hearing impaired inmate housed at the Allegheny County Jail he only enjoyed limited access to TTY/TDD telephone service while non-hearing impaired inmates encounter no such limitations, and that as a Seventh-Day Adventist, and with the approval of the jail chaplain he was denied access to a kosher or vegetarian diet. These facts are said to state a cause of action under the provisions of 42 U.S.C. 201, 202, 1983, 12101, 12213 and 28 U.S.C. 1367 and the plaintiff invokes this Court's jurisdiction pursuant to Section 1331 and 1343 of Title 28, United States Code. Named as defendants and the movants here are the County defendants, and the food service provider and two of its employees ("the food service providers").[2]

In an Amended Report and Recommendation filed on October 12, 2004 and adopted by the Court on November 17, 2004, certain allegations of the complaint were dismissed, but the case was permitted to proceed against the County defendants on the plaintiff's claims of denial of access to telephone service under the ADA and RHA and his claims of failure to accommodate his religious dietary needs under the First Amendment and against defendants Aramark correctional Service, Inc., Charles Eric Chatham, Elizabeth R. Salvi a/k/a/ Betty Aramark food Service Director as to events occurring after February 20, 2004. The County defendants now

---

[1] We note that in his complaint the plaintiff alleges that the action arises under the Americans with Disability Act, 42 U.S.C. 12101-12213, Section 504 of the Rehabilitation Act 29 U.S.C. 794  and the Equal Protection Clause of the Constitution.

[2] On January 24, 2006, the complaint was dismissed as to the non-county defendants, and for this reason only the claims against the county defendants remain viable.

2

move for summary judgment.

Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995).

The first claim which the plaintiff makes against the County defendants is that as a hearing impaired individual he was denied access to TDD telephones. His other claim is that as a Seventh Day Adventist his dietary requirements have not been met.

Title II of the ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. 12132. The term "public entity" includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. 12131(1)(B). Such entities include prisons. Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206, 209 (1998).

Section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be ... subjected to discrimination under any program or activity receiving Federal financial assistance ....

29 U.S.C. 794(a). Claims arising under either of these sections are considered under the same standards. Chisholm v. McManimon, 275 F.3d 315, 324 n.9 (3d Cir.2001).

3

Exhibit A to the present motion demonstrates that on at least thirty-two occasions between January 15, 2004 and August 26, 2004, when the plaintiff ceased being housed at the Allegheny County Jail, he accessed the TDD telephone.

As we previously observed, the movants cite us to Spurlock v. Simmons, 88 F.Supp.2d 1189 (D.KS. 2000) in which the court concluded that limiting an inmates access to the TDD unit did not deny him access to the courts. The plaintiff here does not make this same allegation, but rather argues as a hearing impaired individual he cannot gain phone access on an equal footing with inmates who are not so handicapped. However, the court in Spurlock also observed that in order to set forth a viable equal protection argument, the plaintiff must demonstrate that he is being treated differently from those who are similarly situated. City of Cleburne v. Cleburne Living Center, 473 U.S. 432 (1985). The court then went on to conclude that as a hearing impaired individual the plaintiff is not similarly situated as are non-hearing impaired inmates. 88 F.Supp.2d 1189, 1194. See also: Hansen v. Rimel, 104 F.3d 189 (8th Cir.1997). Or, as the court observed in Ishaaq v. Compton, 900 F.Supp.935 (W.D.Tenn.1995), convenience of access is not protected and this claim does not provide a basis for relief.

In the instant case, the uncontradicted record demonstrates that the plaintiff has enjoyed considerable access to the TDD service and has failed to make any showing that he was treated any differently from any other inmate who were similarly situated. For this reason, his claim here is without merit.

The plaintiff also alleges that as a Seventh Day Adventist, his dietary needs were not being met at the Jail, and specifically, he contends that he was improperly denied either a Kosher or a vegetarian diet. The gist of the plaintiff's complaint is not that these diets are required by his

religion, but rather that he desires to receive them. However, in Exhibit B to the motion, the County defendants have provided a copy of an Order dated February 20, 2004 recognizing that the plaintiff is not allowed to consume "unclean mean and other living creatures" and authorizing him to receive either a Kosher or vegetarian tray. The plaintiff has not provided any evidence that from that time until his transfer out of the jail on August 26, 2004, that his dietary needs were not met, and for this reason, this allegation is likewise meritless.

Additionally, we observe that since the plaintiff has been transferred out of the Allegheny County Jail to a state facility, his claims here might very well be moot.

Accordingly, since there are no material factual issues in dispute and because it appears as a matter of law that the County defendants did not violate any rights assured to the plaintiff, it is recommended that their motion for summary judgment be granted.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: February 1, 2006                    United States Magistrate Judge

5